FILED                    -PS_O-

2008 JUN 18   PM 12: 05

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

POLLY SMITH,

                    Petitioner,

            -v-                                    **DECISION AND ORDER**
                                                   08-CV-0365S

WILLIAM POWERS, Director, Albion Correctional Facility,
and ANDREW CUOMO, The Attorney General of State of New York,

                    Respondents.

—————————————————————


        The petitioner, Polly Smith, acting *pro se*, seeks relief pursuant to 28

U.S.C. § 2254, alleging that her conviction for manslaughter in the first degree

(Penal Law § 125.20[1]) and reckless driving (Vehicle and Traffic Law § 1212), in

County Court, Wayne County, State of New York, on April 13, 1999, was

unconstitutionally obtained, as set forth more precisely in the petition.  Petitioner

has requested *in forma pauperis* status.  For the reasons discussed below,

petitioner will be required to file both a § 2254 Timeliness Response Form

regarding why the petition should not be dismissed as time barred pursuant to 28

U.S.C. § 2244(d), and a § 2254 Exhaustion Response Form as to how the

petitioner may wish to proceed in relation to her failure to exhaust the ineffective

assistance claim raised in the petition, assuming the petition is not first dismissed

as time barred.

Petitioner's request to proceed as a poor person is granted and her motion for the appointment of counsel is denied as premature at this time inasmuch as it appears both that the petition is untimely and that petitioner has failed to exhaust her state court remedies.  *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions).

**TIMELINESS**

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of —

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D)    the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It appears to the Court that this petition should be barred under 28 U.S.C. § 2244(d)(1). Specifically, it appears that more than a year has passed since the judgment became final, and that even taking into account the effect of the tolling periods provided by the filing of petitioner's one or more collateral attacks, the petition is untimely. Petitioner's judgment of conviction was entered on April 13, 1999, the conviction was affirmed on direct appeal on September 28, 2001, *People v. Smith*, 286 A.D.2d 878 (4th Dept. 2001), *reargument denied* 737 N.Y.S.2d 912 (4th Dept. 2002) (TABLE, TEXT IN WESTLAW, NO. 975/01, 01-00453), and leave to appeal to the New York Court of Appeals was denied on April 26, 2002. *Id.*, 98 N.Y.2d 641 (2002). Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), the conviction became "final" and the one year period of limitations began to run on July 25, 2002 or, in other words, 90 days following denial of leave to appeal to the New York Court of Appeals. See *Warren v. Garvin,* 219 F.3d 111, 112 (2d Cir.) (citation omitted), *cert. denied,* 531 U.S. 968 (2000) (For purposes of 28 U.S.C. 2244(d)(1)(A), a petitioner's conviction becomes final 90 days after denial of petitioner's application for leave to appeal to the New York Court of Appeals or, in other words, on the expiration of his time to petition for certiorari in the Supreme Court of the United States). Not taking into account any

3

tolling periods pursuant to § 2244(d)(2), the one year period of limitations under §

2244(d)(1)(A) would have expired on July 25, 2003.  The instant petition was not

filed until May 19, 2008, well beyond the expiration of the statute of limitations.

The petition, however, refers to a number of state court motions or

applications for post-conviction collateral relief filed by petitioner (Docket No. 1,

Petition, ¶ ¶ 10-11, at 2-3), which may entitle her to some periods of tolling, but

the petition is incomplete as to the dates each motion or application for post-

conviction collateral relief was filed and denied, and the dates and results of all

efforts to appeal from the denial of said motions and applications.  Petitioner will,

therefore, be directed below to file a § 2254 Timeliness Response Form wherein

she will need to address specifically the specific dates of her motions or

applications for post-conviction collateral relief.

Petitioner, presumably aware of the apparent untimeliness of her petition,

claims in the petition that she did not "learn[]" or discover the basis of the claim

raised in the petition--*i.e.*, ineffective assistance of trial counsel based on

counsel's failure to at retain an accident reconstructionist as an expert witness to

present in her defense--until February 2008 when she heard about or learned of

the use or availability of accident reconstructionist specialists and experts who

could examine the scene of an accident and present testimony at trial.  She

claims that if her trial counsel had retained an accident reconstructionist there is a

4

"high probability that there would have been created in the ... minds of the jury a reasonable doubt." (Docket No. 1, Petition, ¶ ¶ 13-19, at 3-5).

Liberally construing petitioner's timeliness argument, as the Court must because petitioner is *pro se*, *see Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir.1983), the Court construes it as relying on the delayed accrual date of § 2244(d)(1)(D). Section 2244(d)(1)(D), which, in effect, delays the accrual of the one year limitations period until the date on which the "factual predicate of the claim ... presented could have been discovered through the exercise of due diligence," *id.*, applies only "to a claim for which the factual predicate is neither known nor reasonably discoverable at the time the petitioner's judgment of conviction becomes final." *Yekimoff v. New York State Div. of Parole,* NO. 02 CIV. 8710BSJDF, 2004 WL 1542256 (S.D.N.Y. Jul 08, 2004), *supplemented on other grounds by* 2004 WL 2211661 (S.D.N.Y. Oct 04, 2004); *see also Wims v. United States,* 225 F.3d 186, 188-91 (2d Cir. 2000) ("The proper task in a case such as this one is to determine whether a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed. After that date, petitioner was entitled to further delay ... so long as he filed his petition within one year of the date in which the discovery would have been made in the exercised of due diligence.")

5

In *Wims*,[1] the factual predicate of the ineffective assistance of counsel claim was counsel's failure to file a notice of appeal and therefore the first question the Second Circuit noted had to be answered was on what date would "a duly diligent person in petitioner's circumstances ... have discovered that no appeal had been filed." 225 F.3d at 190. The second question that had to be addressed was whether petitioner filed the petition within one year after that date. *Id.*

Applying the analysis of *Wims* herein, it appears to the Court that the factual predicate of petitioner's ineffective assistance of counsel claim is counsel's failure to retain an accident reconstructionist, and not as petitioner seems to believe the date she learned through an affiliate of the Innocence Project and the American Bar Association that accident reconstructionists are commonly used in vehicular accident cases. See *Zapata v. U.S.*, No. 90 CR. 943 (AGS), 99 CIV. 00085 (AGS), 2000 WL 1610801, at * 2 (S.D.N.Y. Oct 27, 2000) ("Under subsection (4), the Court must determine when a duly diligent person in Zapata's circumstances would have discovered the facts demonstrating the alleged ineffective assistance of counsel."). "The relevant inquiry should focus on 'when the factual predicate of a claim could *have been discovered*,' as opposed to 'the date on which the petitioner has in his possession evidence to support his

---

[1]In *Wims*, the Court of Appeals for the Second Circuit interpreted the identical language found in § 2255(4).

claim.' " *Gonzalez-Ramos v. U.S.*, No. 05 CIV. 3974, 99 CR. 1112 (LAP), 2007 WL 1288634, at * 7 (S.D.N.Y. May 02, 2007) (emphasis in original) (quoting *Rodriguez v. People of the State of New York*, 2003 WL 289598, at *15 (S.D.N.Y. Feb. 11, 2003) (collecting cases). *See also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000) ("[t]ime begins when the prisoner knows (or through diligence could discover) the important facts not when the prisoner recognizes their legal significance."). The "important facts" in the instant matter is the fact that trial counsel did not retain an accident reconstructionist to present in petitioner's defense. It would appear that this was known no later than the conclusion of the trial.

In order to permit the Court to properly evaluate the issues herein, petitioner is directed to complete the attached § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)" and return it to the Clerk of Court by **July 14, 2008**. Petitioner should be sure to include in the Response specific and detailed information addressing the Court's concerns. Petitioner should be sure to include the specific dates when each collateral attack was filed and when each was finally determined, including the filing and determination dates of any appeals of the collateral attack. Petitioner should also provide the Court with any other information which may be relevant to the Court's determination of the statute of limitations issue, including when a duly diligent person in her circumstances

7

would have discovered the facts demonstrating the alleged ineffective assistance of counsel.

**Failure to return the properly completed form by July 14, 2008, will result in the automatic dismissal of the petition with prejudice as untimely pursuant to 28 U.S.C. § 2244(d)(1).**

### EXHAUSTION

Section 2254(b)(1)(A) of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust state court remedies with respect to each of the grounds raised in the petition.  The information petitioner has submitted is inadequate to permit the Court to evaluate whether or not she has met that requirement. Specifically, it appears that petitioner has not exhausted her lone claim of ineffective assistance of counsel based on trial counsel's alleged failure to retain an accident reconstructionist to present in petitioner's defense at trial..

If petitioner has in fact included in this petition a claim which has not been exhausted, and the petition is not dismissed upon receipt of petitioner's § 2254 Timeliness Response Form, petitioner has four options.

**First**,  petitioner may choose to file an amended petition which raises **only** those grounds for which state court remedies have been exhausted, thereby withdrawing from this Court's consideration all grounds for which such remedies

have not been exhausted.  The effect of such withdrawal may be that petitioner

will **not** be permitted to raise the withdrawn grounds in a second or successive

habeas petition, see 28 U.S.C. § 2244(b).  If petitioner chooses to amend petition,

the amended petition must be filed with the Clerk of the Court by **July 14, 2008**.

 

**Second**, petitioner may choose to withdraw the entire petition herein to

permit her time to exhaust all of the claims.  If petitioner chooses that option,

petitioner may then raise the claims in another petition, which will not be

considered a second petition for purposes of § 2244(b) and therefore will not be

foreclosed by the second or successive petition requirements of the statute.[2]

Petitioner is advised that the applicable statute of limitations is tolled only "during

the time in which a properly filed application for State post-conviction or other

collateral review ... is pending."  28 U.S.C. § 2244(d)(2).[3]

---

[2]If, however, the petition is dismissed as untimely pursuant to 28 U.S.C. § 2244(d), any subsequent petition filed by petitioner will be considered a second or successive petition for purposes of § 2244(b), *see Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.2005), and therefore will be foreclosed by the second or successive petition requirements of the statute unless petitioner first obtains permission from the United States Court of Appeals to file a second or successive petition.  28 U.S.C. § 2244(b)(3)(A)-(E).

[3]The United States Supreme Court has determined, in *Duncan v. Walker*, 533 U.S. 167 (2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of  28 U.S.C. § 2244(d)(2).  Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition.  Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

**Third**, petitioner may ask to stay this petition and hold it in abeyance to allow the petitioner to present her unexhausted claims in state court and then return to federal court for review of his petition once he has exhausted his state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *and see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). The issuance of such a stay and abeyance order is only appropriate, however, when the Court determines that there was "good cause" for the petitioner's failure to exhaust her claims in state court, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "intentionally dilatory litigation." *Id*. at 277-78. If this petition is a mixed habeas petition containing both exhausted and unexhausted claims, the Court may only deny the petition. 28 U.S.C. § 2254(b)(2). In addition, if the Court were to dismiss the entire petition without prejudice to petitioner's refiling it after she has exhausted all of her claims, she may find himself barred by the applicable statute of limitations because this petition may have been filed too near the end of the limitations period. 28 U.S.C. § 2244(d)(1). If petitioner were to seek and be granted a stay, the Court would dismiss the unexhausted claims and condition the stay on petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust.

**Petitioner is cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c),** *see Mayle v.*

*Felix*, 545 U.S. 644, 656-65 (2005); will be applicable to petitioner's request to amend the petition to include the dismissed unexhausted claims in the petition again when they are exhausted. *See Zarvela*, 253 F.3d at 383.

**Fourth**, if petitioner has unexhausted claims which petitioner may no longer exhaust because of procedural bars, petitioner should provide the Court with the detailed information requested in the attached § 2254 Exhaustion Response Form, including the cause for the failure to exhaust and the prejudice sustained with respect to each such claim. If petitioner chooses this option, and if the Court finds that the cause and prejudice is legally sufficient, the claim will be deemed exhausted and the petition determined on the merits. **Petitioner is cautioned, however, that if she chooses this option and the cause and prejudice is not found legally sufficient, the Court may dismiss the petition and all the grounds therein with prejudice, thereby foreclosing petitioner from raising the grounds in a second or successive petition.** If petitioner chooses this option, the information must be set forth on the attached Petitioner's § 2254 Exhaustion Response Form and filed with the Clerk of the Court by **July 14, 2008**.

**If the petition is not dismissed as untimely upon receipt and review of petitioner's § 2254 Timeliness Response Form, her failure to file the § 2254 Exhaustion Response Form and comply with one of the four above options**

11

**by July 14, 2008 will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court**.  Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition.  Moreover, regardless of the option chosen, the Court must still evaluate the petition or amended petition pursuant to 28 U.S.C. § 2254(b)(1)(A).

The Clerk of the Court is directed to send petitioner the § 2254 Timeliness Response Form and § 2254 Exhaustion Response Form, together with a copy of his original petition and a form for filing a § 2254 petition for use should her decide to file an amended petition withdrawing any unexhausted claims.


IT HEREBY IS ORDERED, that petitioner's request to proceed as a poor person (Docket No. 2) is granted and her motion for the appointment of counsel is denied (Docket No. 3) without prejudice; and

FURTHER, that petitioner is directed to file both a § 2254 Timeliness Response Form and § 2254 Exhaustion Response Form by by **July 14, 2008**; and

FURTHER, that if the Petitioner's § 2254 Timeliness Response Form is not filed by **July 14, 2008**, the Clerk of the Court is directed to dismiss the petition with prejudice as untimely pursuant to 28 U.S.C. § 2244(d)(1) without further notice.  Such dismissal shall constitute a dismissal on the merits for purposes of

12

28 U.S.C. § 2244(b) and therefore would preclude the filing of another petition under § 2244(b) unless petitioner first obtains an order from the United States Court of Appeals for the Second Circuit authorizing the filing of a second or successive petition;

FURHTER, if the petition is not dismissed as time barred, failure to comply with one of the four above options by **July 14, 2008** will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  Such dismissal shall not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition.  Moreover, regardless of the option chosen, the Court must still evaluate the petition or amended petition pursuant to 28 U.S.C. § 2254(b)(1)(A).

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:     June 13, 2008